IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-21-F

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., a foreign corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| MONICA LYNN VON VOIGT, Individually, and as an officer, director, shareholder, and/or principal of GOODING INVESTMENT GROUP, LLC d/b/a KINGS CUP | ) ) ) ) ) ) ) | |
| and | ) ) | |
| BRANDON W. GOODING, Individually, and as an officer, director, shareholder, and/or principal of GOODING INVESTMENT GROUP, LLC d/b/a KINGS CUP | ) ) ) ) ) ) | |
| and | ) ) | |
| GOODING INVESTMENT GROUP, LLC d/b/a KINGS CUP, | ) ) ) | |
| Defendants. | ) | |

On January 29, 2013, Joe Hand Promotions, Inc. ("plaintiff") filed this action against defendants Monica Lynn Von Voigt ("Von Voigt") and Brandon W. Gooding ("Gooding"), individually and as officers, directors, shareholders and/or principals of Gooding Investment Group, LLC d/b/a Kings Cup, and Gooding Investment Group, LLC d/b/a Kings Cup ("Gooding Investment") [D.E. 1]. In sum, plaintiff asserts that defendants violated its distribution rights to the UFC 127: Penn v. Fitch broadcast, scheduled for February 11, 2011. Compl. 3-8.

On March 25, 2013, plaintiff filed a motion for entry of default against defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [D.E. 6]. This rule provides for entry of default against a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Before the clerk may enter default, plaintiff must establish that defendants were properly served with summons and the complaint. See Fed. R. Civ. P. 4. Plaintiff has not met this burden.

Plaintiff engaged a private process server to serve defendants. Aff. Service [D.E. 5]. On March 1, 2013, the private process server attempted to serve Von Voight and Gooding. Aff. Service [D.E. 5-1; 5-2]. The proof of service was returned "unexecuted" because VonVoight and Gooding allegedly refused to be served. [D.E. 5-1, 5-2]. The law is well settled that a defendant may not evade service. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1095, n. 6. (3d ed. 2002). However, plaintiff fails to show that the process server made a reasonable effort to simply leave the papers in Von Voight's and Gooding's physical proximity, thereby providing notice of this action. See Ancient Sun Nutrition, Inc. v. Lawlor, No. 1:07-CV-395, 2008 WL 1944235, at *2 (W.D.N.C. May 1, 2008) (unpublished) (citing Slaieh v. Zeineh, 539 F.Supp.2d 864, 868 (S.D.Miss. 2008). Moreover, it does not appear that plaintiff engaged in any subsequent attempts to serve Von Voight and Gooding by private process server or otherwise under Rule 4(e). See Fed. R. Civ. P. 4(e); see, e.g., Joe Hand Promotions, Inc. v. Bougie, Inc., No. 109-CV-00590TSEIDD, 2010 WL 1790973, at *2 (E.D. Va. Apr. 12, 2010) (unpublished) (plaintiff attempted service on five separate occasions). Plaintiff has not established that service of process was effected on Von Voigt and Gooding. Accordingly, plaintiff's motion for entry of default against Monica Lynn Von Voigt and Brandon W. Gooding, individually and as officers, directors, shareholders and/or principals of Gooding Investment Group, is denied without prejudice.

2

As for Gooding Investment Group, the private process server served the summons and complaint on a female bartender at its principal place of business on March 1, 2013. Id. Plaintiff fails to show that service on the female bartender was in conformance with Federal Rule of Civil Procedure 4(h)(1)(A) or that she is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Gooding Investment Group. Fed. R. Civ. P. 4(h)(1)(B). Therefore, plaintiff's motion for entry of default against Gooding Investment Group, LLC d/b/a Kings Cup is denied without prejudice.

In brief, plaintiff's motion for entry of default is DENIED without prejudice against defendants Monica Lynn Von Voigt and Brandon W. Gooding, individually and as officers, directors, shareholders and/or principals of Gooding Investment Group, LLC d/b/a Kings Cup, and Gooding Investment Group, LLC d/b/a Kings Cup [D.E. 6].

SO ORDERED. This 13th day of September 2013.

*Julie A. Richards*
Julie A. Richards, Clerk of Court